**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| WANDA FLEMING, | : | |
| *Plaintiff* | : | Civil Action No. 02-CV-2703 |
| v. | : | |
| KRAMONT EMPLOYER ROYCE REALTY,<br>INC. d/b/a KRAMONT REALTY TRUST, et al | : | |
| *Defendants.* | : | |

## ORDER

AND NOW, this _____ day of _____, 2002, upon consideration of Defendants' Motion to Dismiss and any response thereto, it is ORDERED that the motion is GRANTED.  Plaintiff's claims for intentional infliction of emotional distress, sex discrimination, and retaliation, as well as all claims for damages for emotional distress and bodily harm, are DISMISSED with prejudice.

_____
Giles, James T., C.J.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

WANDA FLEMING,

            *Plaintiff*

   v.

KRAMONT EMPLOYER ROYCE REALTY,
INC. d/b/a KRAMONT REALTY TRUST, et al

          *Defendants.*

Civil Action No. 02-CV-2703

**FILED** JUL 1 6 2002

### DEFENDANTS' MOTION TO DISMISS

    Defendant Kramont Employer Royce Realty, Inc. d/b/a/ Kramont Realty Trust, as well as all other corporate defendants and individual defendants John R. Ahle, Jr. and Edward Kochman, by their undersigned counsel, hereby move this Court for dismissal of certain counts and claims of plaintiff's complaint. In support of the present motion defendants incorporate by reference the memorandum of law attached hereto, as well as the exhibits appended thereto.

               Respectfully submitted,

               COZEN O'CONNOR

               Patricia Sons Biswanger
               1900 Market Street
               Philadelphia, PA  19103-3508
               (215) 665-4656 telephone
               (215) 701-2356 telecopy
               pbiswanger@cozen.com

               *Attorneys for defendants*

Dated: July 16, 2002

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| WANDA FLEMING, | : | |
| *Plaintiff* | : | Civil Action No. 02-CV-2703 |
| | : | |
| v. | : | |
| | : | |
| KRAMONT EMPLOYER ROYCE REALTY, | : | |
| INC. d/b/a KRAMONT REALTY TRUST, et al | : | |
| | : | |
| *Defendants.* | : | |

**MEMORANDUM OF LAW IN SUPPORT OF**
**DEFENDANTS' MOTION TO DISMISS**

Defendant Kramont Employer Royce Realty, Inc. d/b/a/ Kramont Realty Trust, as well as all other corporate defendants and individual defendants John R. Ahle, Jr. and Edward Kochman, by their undersigned counsel, hereby move this Court pursuant to Fed. R. Civ. P. 12(b)(6) for dismissal of certain counts and claims of plaintiff's complaint.

## I.    INTRODUCTION

Notwithstanding the fact that, after a lengthy and exhaustive factfinding investigative process, the Equal Employment Opportunity Commission (the "EEOC") found no basis in fact for plaintiff's charges, plaintiff Wanda Fleming has nonetheless filed with this Court a bloated and hyperbolic complaint alleging that she was terminated from her employment at Kramont Realty Trust because of her race and sex and that she was retaliated against for complaining about the unfair treatment she received at the hands of her immediate supervisor, defendant John Ahle.

For purposes of the present motion, this Court is required to accept as true the allegations of the Complaint. According to the Complaint, plaintiff is an adult African-American citizen presently residing in Silver Spring, Maryland. <u>See</u> Ex. "A" ¶ 1 (a copy of the Complaint is attached hereto as Exhibit "A"). Plaintiff purports to bring this action against a multitude of entities, some of which do not exist anymore and some of which are mere trade names. For purposes of the present motion, the purported corporate defendants will be collectively referred to as "Kramont." Plaintiff also purports to bring this action against two individuals, John R. Ahle, Jr. and Edward Kochman.

According to the Complaint, plaintiff was first employed by Kramont as a receptionist and later as an administrative assistant. <u>See</u> Ex. "A" ¶¶ 23 - 29. Plaintiff alleges that she reported to individual defendants Ahle and Kochman. <u>See</u> Ex. "A" ¶¶ 30 - 32. The gravamen of plaintiff's Complaint is that "[i]mmediately upon taking direct supervisory control over plaintiff Mr. Ahle embarked upon a settled plan the ultimate goal of which was to cause the termination of Plaintiff, either by formal discharge or constructively, by creating such a hostile work environment that Plaintiff would have no reasonable alternative but to quit." <u>See</u> Ex. "A" ¶ 33. Plaintiff further claims that Mr. Ahle's plan "included the harassment of Plaintiff, the deprivation of Plaintiff of necessary information to perform her job, the exclusion of Plaintiff from essential meetings and other ostracism, the unwarranted and untoward chastisement and criticism of Plaintiff publicly for failing to integrate and act upon the information upon which she had been improperly deprived." <u>See</u> Ex. "A" ¶ 33. In her most extravagantly offensive claim, plaintiff asserts that Mr. Ahle "warned one or more co-employees not to 'get too friendly with that stupid nigger,' and that he was planning 'to replace her with his former Secretary, Christine,' who Defendant Ahle described as 'sexy.'" <u>See</u> Ex. "A" ¶ 34.

Plaintiff claims that she "made Kramont Employer aware of the aforementioned treatment by Defendant Ahle," but that "Kramont Employer failed to adequately address or remedy the treatment." See Ex. "A" ¶¶ 44 & 45. According to plaintiff, Kramont instead terminated her on January 30, 2001, "claim[ing] that the reason for the discharge was Plaintiff's misuse of company e-mail." See Ex. "A" ¶¶ 46 & 47. Plaintiff claims that her discharge was based upon her sex and race. See Ex. "A" ¶¶ 49 & 50

Plaintiff purports to bring six counts against defendants: (1) Count I, pursuant to Title VII, against Kramont; (2) Count II, pursuant to the Pennsylvania Human Relations Act, against Kramont; (3) Count III, for intentional infliction of emotional distress, against all defendants; (4) Count III [sic], again for intentional infliction of emotional distress, against all defendants; (5) Count IV, for "aiding and abetting employment discrimination," against John Ahle; and (6) Count IV [sic], also for "aiding and abetting employment discrimination," against Edward Kochman.

Factual development of this case will show that plaintiff's complaint is entirely unfounded and is motivated by malice and spite, but in the meantime defendants move this Court to dismiss the obviously legally-insufficient aspects of the Complaint.


## II.    ARGUMENT

### A.    Standard for a Motion to Dismiss

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint. Stern v. Clark, 835 F.2d 1009, 1011 (3d Cir. 1987). When deciding a motion to dismiss, courts generally consider the allegations in the complaint, exhibits to the complaint and matters of public record. Pension Benefit Guaranty Corp. v. White Consolidated

Indus. Inc., 998 F.2d 1192 (3d Cir. 1993), cert. denied, 510 U.S. 1042 (1994). The motion should be granted where it appears that the plaintiff can prove no set of facts that will support the claims set forth in the complaint. Conley v. Gibson, 255 U.S. 41, 45-46 (1957). At the motion to dismiss stage of litigation, "[a] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); see also Nowicki v. Green, No. 98-5100, 1999 U.S. Dist. LEXIS 7058, at * 5 (E.D. Pa. May 12, 1999).

Where, as here, plaintiff has failed to state a claim upon which relief may be granted, the cause of action must be dismissed with prejudice. Plaintiff's claim for intentional infliction of emotional distress should be dismissed because plaintiff has not set forth facts under which she could recover for that claim, and because her claims for emotional distress are barred by the exclusivity provisions of the Pennsylvania Workmen's Compensation Act. Plaintiff's claims for sex discrimination and retaliation should be dismissed because she did not exhaust her administrative remedies with respect to those claims.

**B.    Plaintiff's Claims for Intentional Infliction of Emotional Distress Must Be Dismissed Because The Conduct Alleged Does Not Rise to the Level Required to State This Claim Under Pennsylvania Law**

For a plaintiff to recover on an intentional infliction of emotional distress claim, "the conduct must be so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized society." Cox v. Keystone Carbon Co., 861 F.2d 390, 395 (3d Cir. 1988) (citations omitted); Imboden v. Chowns Communications, 182 F. Supp. 2d 453, 457 (E.D. Pa. 2002). "Courts have been chary to allow recovery for a claim of intentional infliction of emotional distress. Only if

4

conduct which is extreme or clearly outrageous is established will a claim be proven." Hoy v. Angelone, 554 Pa. 134, 720 A.2d 745, 753-54 (1998).

"At the outset, it must be recognized that it is extremely rare to find conduct in the employment context that will give rise to the level of outrageousness necessary to provide a basis for recovery of the tort of intentional infliction of emotional distress." Cox, 861 F.2d at 395; Imboden, 182 F. Supp. 2d at 457. "Indeed, the only instances in which courts applying Pennsylvania law have found conduct outrageous in the employment context is where an employer engaged in both sexual harassment and other retaliatory behavior against an employee." Id.; see also Pilla v. Delaware River Port Auth., No. 9805723, 1999 U.S. Dist. LEXIS 6553, at * 20-21 (E.D. Pa. May 7, 1999).

Moreover, it is well-established that termination of employment, even if it may violate the employee's legal right to be free of discrimination, is not sufficiently "outrageous" to permit a cause of action for intentional infliction of emotional distress. See, e.g., Madreperla v. The Williard Company, 606 F. Supp. 874, 880 (E.D. Pa. 1985); see also Brieck v. Harbison-Walker Refractories, 624 F. Supp. 363, 367 (W.D. Pa. 1985) (in a case in which the defendant employer claimed that it laid off the plaintiff/employee because of poor sales and the plaintiff alleged age discrimination, holding that the defendant's conduct did not meet the test of extremeness required by the tort of intentional infliction of emotional distress, and stating that "[w]hile the loss of employment is unfortunate and unquestionably causes hardship, often severe, we must acknowledge that it is a common event."). Moreover, "Pennsylvania law does not permit a claim for emotional distress for the mere loss of money, no matter how traumatic." Brooks v. Hickman, 101 F.R.D. 19, 20 (W.D. Pa. 1984). Similarly, "the law cannot be expected

to compensate for every minor psychic shock incurred in the course of every day living."

<u>Armstrong v. Paoli Memorial Hospital</u>, 430 Pa. Super. 36, 40, 633 A.2d 605, 608 (1993).

   When all the hyperbole and rhetoric is stripped away from plaintiff's Complaint, and still accepting her allegations as true for purposes of the present motion, it is clear that she is complaining that:

- ✓ she was deprived of necessary information to perform her job;

- ✓ she was excluded from essential meetings and otherwise ostracized;

- ✓ she was the subject of public and "unwarranted and untoward chastisement and criticism" for failing to act upon the information which she had been improperly deprived;

- ✓ one or more co-employees were told not to "get too friendly with that stupid nigger" and that she would be replaced with another woman who was "sexy";

- ✓ she was assigned work by a female co-worker who would "dump" responsibilities onto her;

- ✓ she was required to log in her reporting time, when her female co-worker wasn't;

- ✓ she was excluded from personal conversations her boss had with his female secretary;

- ✓ her boss would turn his back on her in meetings;

- ✓ she was told not to take work home, and then criticized for working too much overtime;

- ✓ her pay raise was delayed and she was denied a "Committee Review" that she had requested;

- ✓ she "made Kramont Employer aware of the aforementioned treatment" but Kramont "failed to adequately address or remedy the treatment"; and

- ✓ she was fired.

<u>See</u> Ex. "A" ¶¶ 33, 34, 36, 38, 39, 41 - 46.  Plaintiff does not complain that she was sexually harassed.

6

Plaintiff has not stated a valid claim for intentional infliction of emotional distress because her allegations do not rise to the level of outrageousness required by Pennsylvania law. To the contrary, plaintiff has stated merely a garden-variety complaint that her boss was unfair and uncivil, that he favored another female employee over her, and the she was fired. Plaintiff ascribes this course of conduct to her race and -- inexplicably, since the other worker was also female -- to her sex, but the simple fact is that these allegations are not sufficiently outrageous to make out a claim under Pennsylvania law for intentional infliction of emotional distress in the employment context.

Accordingly, both Counts III for intentional infliction of emotional distress should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

**C.**    **Plaintiff's Claim for Intentional Infliction of Emotional Distress is Barred By The Exclusivity Provisions Of The Pennsylvania Workmen's Compensation Act**

The Pennsylvania Workmen's Compensation Act provides that "the liability of an employer under this act shall be exclusive and in place of any other liability to such employees . . . in any action at law or otherwise on account of any injury or death defined in [77 Pa. Cons. Stat. § 411] or occupational disease in [77 Pa. Cons. Stat. § 27.1]." See 77 Pa. Cons. Stat. § 481(a). Accordingly, the Court of Appeals for the Third Circuit has recognized that the Pennsylvania Workmen's Compensation Act "provides the sole remedy 'for injuries allegedly sustained during the course of employment.'" Matczak v. Frankford Candy & Chocolate Co., 136 F.3d 933, 940 (3d Cir.1997). Moreover, "[t]he exclusivity provision of that statute bars claims for 'intentional and/or negligent infliction of emotional distress [arising] out of [an] employment relationship.'" Id. (citations omitted).

The Pennsylvania Workmen's Compensation Law provides one very narrow exception, the personal animus exception, for "employee injuries caused by the intentional conduct of third parties for reasons personal to the tortfeasor and not directed against him as an employee or because of his employment." Durham Life Ins. Co. v. Evans, 166 F.3d 139, 160 (3d Cir. 1999). The personal animus exception requires conduct "that is not normally expected to be present in the workplace." Iacono v. Toll Brothers, No. 01-4486, 2001 U.S. Dist. LEXIS 21115, at * 6 (E.D. Pa. Dec. 19, 2001).

Plaintiff claims to have suffered emotional distress and even "bodily harm," see Compl. ¶ 77, as a result of the conduct alleged in her complaint. Any such claim is barred by the exclusivity provisions of the Pennsylvania Workmen's Compensation Law, which is "the sole remedy 'for injuries allegedly sustained during the course of employment.'" Matczak, 136 F.3d at 940. Moreover, the personal animus exception does not apply here, because all the allegations made here -- e.g., being excluded from meetings, being chastised for her performance, etc. -- are were all directed to plaintiff as an employee and because of her employment, and were "normally expected to be present in the workplace." Iacono, 2001 U.S. Dist. LEXIS 21115, at * 6.

Accordingly, for this additional reason, both Counts III for intentional infliction of emotional distress should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

**D.    Plaintiff's Claim for Sex Discrimination and Retaliation Must Be Dismissed Because She Did Not Exhaust Her Administrative Remedies With Respect To These Claims**

Under both Title VII and the PHRA, a claimant must first exhaust her administrative remedies before filing suit in federal court, and a failure to exhaust is akin to a failure to comply with a statute of limitations. Donovan v. Henderson, No. 01-2094, 2002 U.S.

8

App. LEXIS 11658, at * 6 (3rd Cir. June 13, 2002); <u>Mumford v. PECO Energy Co.</u>, No. 02-CV-929, 2002 U.S. Dist. LEXIS 7565, at * 5 (E.D. Pa. Apr. 29, 2002). Administrative remedies are designed to ensure that an agency gets the first opportunity to resolve a discrimination charge, while leaving the claimant with a federal court remedy if the agency sits on the claim or ultimately denies relief. <u>Donovan</u>, 2002 U.S. App. LEXIS 11658, at * 6.

  In the present action, plaintiff alleges race and sex discrimination, and also alludes to retaliation. As evidenced by her administrative charge, attached hereto as Exhibit "B", plaintiff has not exhausted her administrative remedies with respect to the sex discrimination and retaliation claims, however, and they should therefore be dismissed.

  It is true that "once a discrimination charge has been filed, the scope of a judicial complaint is not limited to the four corners of the administrative charge." <u>Ivory v. Radio One, Inc.</u>, No. 01-CV-5708, 2002 U.S. Dist. LEXIS 5672, at * 4 (E.D. Pa. Apr. 3, 2002) (citations omitted).

> Rather, the parameters of the judicial action are defined by the "EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." The appropriate test for whether a plaintiff has failed to exhaust administrative remedies is not whether the administrative complaint mirrors the plaintiff's earlier administrative complaint, but rather "whether the acts alleged in the subsequent suit . . . are fairly within the scope of the prior EEOC complaint."

<u>Id.</u> at * 4-5 (citations omitted). The legal analysis for whether a judicial complaint is within the scope of an earlier administrative charge or a reasonable investigation turns on whether "there is a close nexus between the facts supporting each claim or whether additional charges made in the judicial complaint may fairly be considered explanations of the original charge or growing out of it." <u>Id.</u> at * 6-7. In considering whether a judicial complaint is sufficiently related to an administrative charge, the most important consideration is the factual statement. <u>Id.</u> at * 7.

9

There is no dispute that plaintiff did not file an explicit claim of sex discrimination or retaliation with the EEOC or the PHRC prior to bringing this action. See Ex. "B". To the contrary, her administrative complaint asserts only race discrimination. See Ex. "B". Even more to the point, her factual statement is entirely bereft of any allegations of sex discrimination or retaliation. See Ex. "B". Indeed, it is difficult to fathom how a sex discrimination charge could be divined from either the administrative charge or the judicial complaint, because plaintiff's complaint is largely focused on the allegedly preferable treatment given another woman, Christine Kempf. See Exs. "A" & "B". Moreover, unlike the situation in Ivory, plaintiff here did not assert in her factual statement to the EEOC that she complained to management about her treatment at the hands of Mr. Ahle, so there is no hint of a retaliation claim that could "grow out" of the administrative complaint, and no reason for the EEOC to have suspected retaliation or investigated it.

(Indeed, plaintiff did not make two allegations in her administrative complaint that are now in her judicial Complaint: (1) that Mr. Ahle used racially derogatory language when he referred to her; and (2) that she complained to Kramont's management about Mr. Ahle's treatment of her. See Ex. "A" ¶¶ 34 & 44. The first allegation was not made until the EEOC factfinding conference: when the EEOC investigator made it clear that plaintiff's story was not holding up, plaintiff left the room for a private conference with her attorney and returned armed with this new and highly inflammatory allegation. The second allegation did not surface until the Complaint was filed.)

Therefore, plaintiff's present claims of sex discrimination and retaliation are not within the scope of her earlier administrative complaint or a reasonable investigation arising

10

therefrom, and should be dismissed because she has failed to exhaust her administrative remedies.

## IV.    **CONCLUSION**

For all these reasons, defendants respectfully request that this Court dismiss plaintiff's claims for intentional infliction of emotional distress, sex discrimination, and retaliation.

Respectfully submitted,

COZEN O'CONNOR

Patricia Sons Biswanger
1900 Market Street
Philadelphia, PA  19103-3508
(215) 665-4656 telephone
(215) 701-2356 telecopy
pbiswanger@cozen.com

*Attorneys for defendants*

Dated: July 16, 2002

11

## CERTIFICATE OF SERVICE

I, Patricia Sons Biswanger, hereby certify that on this 16th day of July, 2002, I

caused a true and correct copy of **Defendant's Motion to Dismiss** and **Memorandum of Law** in

support thereof to be served upon the counsel listed below, by overnight delivery:

Joseph T. Kelley, III, Esquire
Kelley & Murphy
Union Meeting Corporate Center V
Suite 160, 925 Harvest Drive
Blue Bell, PA  19422

*Attorney for plaintiff Wanda Fleming*

_____
Patricia Sons Biswanger