IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WANDA FLEMING,<br><br>                *Plaintiff*<br><br>v.<br><br>KRAMONT EMPLOYER ROYCE REALTY,<br>INC. d/b/a KRAMONT REALTY TRUST, et al<br><br>                *Defendants.* | Civil Action No. 02-CV-2703 |

**DEFENDANTS' ANSWER
AND AFFIRMATIVE DEFENSES TO COMPLAINT**

Defendant Kramont Realty Trust, by its undersigned counsel, hereby answers and affirmatively defends the Complaint filed by plaintiff in this matter.

**I.    PARTIES AND INTRODUCTION**

1. Denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment, which is therefore denied.

2. Admitted in part and denied in part. It is admitted only that Royce Realty, Inc. is a Pennsylvania corporation with a place of business at 580 West Germantown Pike, Suite 200, Plymouth Meeting, PA 19462.

3. Denied.

4. Denied.

5. Denied.

6. Admitted.

7. Denied as stated. The entity to which this paragraph apparently refers is "Kramont Realty Trust."

8. Denied.

9. Denied.

10. Admitted in part and denied in part. It is admitted only that in June 2000 Montgomery CV Reit, Inc. merged with Kranzco. It is denied that the surviving company was renamed "Kramont Realty Trust, Inc." To the contrary, the surviving company was renamed "Kramont Realty Trust."

11. Admitted in part and denied in part. It is denied that defendant John Ahle was at any time employed by "Kranzco Realty Group." It is admitted only that, subsequent to the merger, defendant Ahle became employed by defendant Kramont Realty Trust, and that he is presently employed as the Vice President and Director of Operations.

12. Admitted in part and denied in part. It is admitted only that, prior to the merger, defendant Edward Kochman was employed by Montgomery CV Realty, L.P., and that subsequent to the merger defendant Kochman became employed by defendant Kramont Realty Trust, and that he is currently employed as Senior Vice President for Administration.

13. The averments of this paragraph require no response.

14. Admitted in part and denied in part. It is admitted only that plaintiff purports to bring this action under Title VII and the PHRA, for race discrimination. Plaintiff's claims for retaliation and sex discrimination have been dismissed by the Court. It is specifically denied that defendant engaged in any discrimination whatsoever.

15. Denied.

16. Denied.

17. Denied.

## II. JURISDICTION AND VENUE

18. The averments of this paragraph state legal conclusions to which no response is required.

19. The averments of this paragraph state legal conclusions to which no response is required.

20. The averments of this paragraph state legal conclusions to which no response is required.

21. Denied.

22. The averments of this paragraph state legal conclusions to which no response is required.

## III. STATEMENT OF CLAIM

23. Denied.

24. Admitted.

25. Denied.

26. Admitted.

27. Denied.

28. Denied.

29. Denied.

30. Admitted.

31. Denied.

3

32. Denied.

33. Denied.

34. Denied.

35. Admitted.

36. Admitted.

36. [sic] Denied.

37. Denied that plaintiff suffered any adverse treatment.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied that there was any adverse treatment to address or remedy, or that plaintiff reported any such treatment.

46. Admitted that plaintiff was discharged on January 30, 2001.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

4

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

## COUNT I

61. Defendant incorporates its responses to the preceding paragraphs as though fully set forth herein.

62. Denied.

63. Denied.

64. Denied.

65. Denied.

WHEREFORE, defendant respectfully requests that this Court enter an order entering judgment in favor of defendant and against plaintiff, and awarding defendant attorney's fees and costs and such other relief as may be just and proper.

## COUNT II

66. Defendant incorporates its responses to the preceding paragraphs as though fully set forth herein.

67. Denied.

68. Denied.

69. Denied.

70. Denied.

WHEREFORE, defendant respectfully requests that this Court enter an order entering judgment in favor of defendant and against plaintiff, and awarding defendant attorney's fees and costs and such other relief as may be just and proper.

## COUNT III

71. Defendant incorporates its responses to the preceding paragraphs as though fully set forth herein.

72. This Count has been dismissed by the Court so no response is required.

73. This Count has been dismissed by the Court so no response is required.

74. This Count has been dismissed by the Court so no response is required.

75. This Count has been dismissed by the Court so no response is required.

WHEREFORE, defendant respectfully requests that this Court enter an order entering judgment in favor of defendant and against plaintiff, and awarding defendant attorney's fees and costs and such other relief as may be just and proper.

## COUNT III [sic]

76. Defendant incorporates its responses to the preceding paragraphs as though fully set forth herein.

77.     This count, which apparently was intended to be for retaliation, has been dismissed by the Court.

WHEREFORE, defendant respectfully requests that this Court enter an order entering judgment in favor of defendant and against plaintiff, and awarding defendant attorney's fees and costs and such other relief as may be just and proper.

## COUNT IV

78.     Defendant incorporates its responses to the preceding paragraphs as though fully set forth herein.

79.     Denied.

WHEREFORE, defendant respectfully requests that this Court enter an order entering judgment in favor of defendant and against plaintiff, and awarding defendant attorney's fees and costs and such other relief as may be just and proper.

## COUNT IV

80.     Defendant incorporates its responses to the preceding paragraphs as though fully set forth herein.

81.     Denied.

WHEREFORE, defendant respectfully requests that this Court enter an order entering judgment in favor of defendant and against plaintiff, and awarding defendant attorney's fees and costs and such other relief as may be just and proper.

## **AFFIRMATIVE DEFENSES**

82. Plaintiff's claim fails in whole or in part because plaintiff has failed to state a claim upon which relief may be granted.

83. Plaintiff's claim fails in whole or in part because plaintiff's damages, if any, were caused by persons other than defendant.

84. Plaintiff's claim fails in whole or in part because plaintiff failed to mitigate her damages.

85. Plaintiff's claim is barred in whole or in part by the doctrine of estoppel.

86. Plaintiff's claim is barred in whole or in part by the doctrine of waiver.

87. Plaintiff's claim is barred in whole or in part by the doctrine of accord and satisfaction.

88. Plaintiff's claim is barred in whole or in part by the doctrine of release.

89. Plaintiff's claim is barred in whole or in part by the statute of limitations.

90. Plaintiff's claim is barred in whole or in part because defendant's actions were justified.

91. Plaintiff's claim is barred in whole or in part because plaintiff's damages were fully remedied by the severance package she received.

92. Plaintiff's claim is barred in whole or in part because the harm to plaintiff, if any, was caused by the intervening acts of persons other than defendant.

93. Plaintiff's claim is barred in whole or in part because plaintiff's damages, if any, are too remote to assess or are speculative or are otherwise not recoverable.

Respectfully submitted,

COZEN O'CONNOR

*/s/ Patricia Sons Biswanger*
Patricia Sons Biswanger
1900 Market Street
Philadelphia, PA  19103-3508
(215) 665-4656 telephone
(215) 701-2356 telecopy
pbiswanger@cozen.com

*Attorneys for defendants*

Dated: September 11, 2002

## CERTIFICATE OF SERVICE

I, Patricia Sons Biswanger, hereby certify that on this 11th day of September, 2002, I caused a true and correct copy of **Defendant's Answer and Affirmative Defenses** to be served upon the counsel listed below, by regular mail:

>
> Joseph T. Kelley, III, Esquire
> Kelley & Murphy
> Union Meeting Corporate Center V
> Suite 160, 925 Harvest Drive
> Blue Bell, PA  19422

*Attorney for plaintiff Wanda Fleming*

_____
Patricia Sons Biswanger